UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PAUL ZACHARKO II,

    Petitioner,

v.                                                Case No. 1:17-CV-501

SHIRLEE HARRY,                          HON. GORDON J. QUIST

    Respondent.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus action brought by James Paul Zacharko II under 28 U.S.C. § 2254. Zacharko filed his petition on June 2, 2017. (ECF No. 1.) Zacharko raised five grounds for relief:

1) The trial court improperly limited the testimony of defense expert Dr. Okla.
2) Prosecution expert Dr. Henry was allowed to give improper testimony, defense counsel acted ineffectively.
3) Due process was violated where the verdict form did not identify specific occurrences with which Zacharko was being charged, lack of unanimous verdict, and ineffective assistance of counsel.
4) Ineffective assistance of counsel regarding fingerprint evidence.
5) Improper character evidence presented of Zacharko's drug use and past criminal record, ineffective assistance of counsel.

On May 10, 2018, Magistrate Judge Ray Kent issued a 40-page Report and Recommendation (R & R) in which he found that the five grounds for relief were meritless and recommended that the Court deny Zacharko's petition and deny Zacharko a certificate of appealability. (ECF No. 10.) On May 22, 2018, Zacharko objected to the R & R's recommendations and the denial of a certificate of appealability. (ECF No. 11.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to

which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Zacharko's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

**I)   Testimony of Defense Expert Dr. Katherine Okla**

Zacharko argues that the magistrate judge overlooked his constitutional arguments—regarding Dr. Okla's excluded testimony as to forensic interviews or suggestibility—and not just state law claims. Zacharko cites, among others, *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967), which held that an accused "has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process law." (ECF No. 11 at PageID.2002.) The Supreme Court has "found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused." *United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 1264 (1998). In regards to compulsory process guaranteed by the Sixth Amendment, the Supreme Court held that a criminal defendant "must at least make some plausible showing of how [the testimony of witnesses] would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S. Ct. 3440, 3446 (1982). "[T]he omission [of evidence] must be evaluated in the context of the entire record." *Id.* at 874 n.10, 102 S. Ct. at 3450 n.10 (first alteration in original) (quoting *United States v. Agurs*, 427 U.S. 97, 112–113, 96 S. Ct. 2392, 2402 (1976)). A trial court "may not apply a rule of evidence that permits a witness to take the stand but arbitrarily excludes material portions of [her] testimony." *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S. Ct. 2704, 2711 (1987).

Zacharko argues that his proposed expert, Dr. Katherine Okla's excluded testimony would have cast the victim's prior statements into doubt by bringing alternative hypotheses before the jury, and Zacharko objects that the prosecution's expert was able to testify regarding the reliability of the victim. The exclusion of portions of Dr. Okla's testimony, according to Zacharko, was not harmless error and was against Zacharko's constitutional rights.

Zacharko's cited "precedents" do not save his claim. As the R & R noted, Zacharko "has not cited any Supreme Court authority to support his claim that the exclusion of Dr. Okla's testimony regarding forensic interviews or suggestibility rises to the level of a due process violation because it prevented [him] from raising a defense." (ECF No. 10 at PageID.1973.) Instead, Zacharko cites broader standards that do not demonstrate that his specific, narrow claims are protected by Supreme Court precedent. Zacharko has not shown that the state court's exclusion of the testimony was "arbitrary or disproportionate" under *Scheffer* and *Rock*. As the Supreme Court noted in *Rock*, "the right to present relevant testimony is not without limitation." *Rock*, 482 U.S. at 55, 107 S. Ct. at 2711. The R & R also discussed, from the context of the entire record, a number of ways that Zacharko was able to challenge the victim's credibility, how Zacharko himself introduced the victim's statements, and was otherwise able to present his defense. (ECF No. 10 at PageID.1974.) Even if the exclusion rose to the level of a due process violation, the violation was harmless in the context of the entire record.

Accordingly, the Court will adopt the R & R as to the first issue.

**II)** **Testimony of the State's Expert, Dr. James Henry**

Zacharko "submit[s] it is not reasonable for a defense counsel to fail to question the prosecution expert witness without first ensuring that the contrary testimony of his expert witness was going to be admitted." (ECF No. 11 at PageID.2008.) Zacharko argues that his trial counsel

3

was unreasonable in his choices regarding Dr. James Henry's testimony. "[A]gain and again defense counsel failed to prepare for the prosecution expert testimony" and should have investigated his options regarding Dr. Henry's testimony, Zacharko argues. Zacharko then enumerates a number of things that his counsel "should have" done, such as different attacks and lines of questions to weaken Dr. Henry's testimony.

At the post-trial hearing, defense counsel stated, "[W]e did some exhaustive research on Dr. Henry . . . . It was the opinion of the local counsel [that had 'tangled with [Dr. Henry] in the past'] that this guy's smooth . . . . We don't usually engage him." (ECF No. 8-16 at PageID.1250.) The Michigan Court of Appeals concluded that this trial decision was "reasonable and sound trial strategy by not challenging Henry directly on cross." (ECF No. 8-18 at PageID.1314.) Zacharko is now second-guessing the trial strategy by suggesting what counsel "should have done." But, in light of the research and strategy regarding Dr. Henry and counsel's other strategic choices, Zacharko falls well short of overcoming the presumption favoring the Michigan Court of Appeals' conclusion. By arguing what counsel "should have" done, Zacharko argues for an idealized view of the trial, without regard to the possible outcomes or consequences of the choices that he thinks "should have" been made. Further, Zacharko has not offered any direct support for his argument that counsel was ineffective by failing to ensure that Dr. Okla's testimony would be offered in full prior to engaging in cross-examination of Dr. Henry. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." *Strickland v. Washington*, 466 U.S. 668, 681, 104 S. Ct. 2052, 2061 (1984).

Accordingly, the Court will adopt the R & R as to the second issue.

### III) Charging Documents and Verdict Form

Zacharko argues that the R & R erred by relying upon *Coles v. Smith*, 577 F. App'x 502 (6th Cir. 2014) because it is an unpublished case, and by rejecting *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), which he argues is favorable to his petition. However, the R & R distinguished *Valentine* on a number of grounds and Zacharko has not shown this to be incorrect.

In addition to the distinguishing facts in *Valentine*, Zacharko's attacks on *Coles* falls flat. Although *Coles* is not itself binding precedent, it applied binding precedent—namely *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855 (2010). *Coles* highlighted binding case law that came after *Valentine*—and the cases upon which *Valentine* relied—in concluding that the Sixth Circuit "doubt[s its] authority" to rely upon *Valentine*. *Coles*, 577 F. App'x at 507–08. Therefore, while *Coles* is not binding, it persuasively sets forth why *Valentine* may no longer be good law. As Judge Gilman in the *Valentine* dissent noted, "no Supreme Court case has ever found the use of identically worded and factually indistinguishable indictments *unconstitutional*." *Valentine*, 395 F.3d at 639 (Gilman, J. dissenting) (emphasis in original). Zacharko has not offered "clearly established Federal law, as determined by the Supreme Court" to show otherwise.[1] *Renico*, 559 U.S. at 779, 130 S. Ct. at 1866 (quoting 28 U.S.C. § 2254(d)(1)).

Accordingly, the Court will adopt the R & R as to the third issue.

### IV) Fingerprint Evidence

Zacharko repeats his earlier argument on this matter, *i.e.*, that the failure to introduce the fingerprint evidence hurt an alternative defense theory that Zacharko now argues—that the victim "decided to accuse [Zacharko] in order to protect the actual person with whom she had a romantic

---

[1] Zacharko cites, with minimal discussion, *Eaton v. City of Tulsa*, 415 U.S. 697, 94 S. Ct. 1228 (1974). The connection between this case and *Eaton* is specious. The due process violation in that case was due to the appellate court "sustaining the trial court by treating the conviction as a conviction upon a charge not made." *Id.* at 699, 94 S. Ct. at 1230.

5

relationship." (ECF No. 11 at PageID.2012.) Zacharko conclusively states, without support, that it is unreasonable for the Court to defer to the appellate court's conclusion that "the lack of defendant's fingerprints on the materials was of minimal evidentiary value in the context of all the other circumstances in the case." (ECF No. 8-18 at PageID.1317.) As the R & R noted, Zacharko "has failed to show that the appellate court's determination that there was no prejudice is contrary to, or an unreasonable application of, *Strickland*." (ECF No. 10 at PageID.1996.) By repeating his earlier arguments now, Zacharko has failed to show that the R & R's conclusions were incorrect and that this claim was contrary to, or an unreasonable application or, *Strickland*.

Zacharko alleges that "[n]either the state court nor the Magistrate gave . . . any consideration at all" to the prosecutor's comments in his closing argument regarding the fingerprinting. Specifically, the prosecutor stated,

> Phone by mailbox, fingerprints didn't come up. Fingerprints that [defense counsel] mentioned that if there were fingerprints that helped us, I'm sure we would have brought it in. Well, you can flip that around too and think about it on the defense perspective as well.

(ECF No. 8-13 at PageID.1027.) Zacharko points out that the prosecutor's implication that Zacharko's fingerprints could have been on the phone or charger was something that the prosecutor knew to be false. While this statement could certainly have been prejudicial and even misconduct on the part of the prosecutor, Zacharko is wrong to state that the state court and magistrate judge did not give "any consideration at all" to the matter. A court need not elucidate every factor influencing its decisions. The appellate court concluded that the fingerprint issue "was of minimal evidentiary value in the context of *all the other circumstances in the case*." (ECF No. 8-18 at PageID.1317 (emphasis added).) The magistrate judge found that "[t]he appellate court's factual findings are well-supported by the record." (ECF No. 10 at PageID.1966.) Both the appellate court and the magistrate judge had the fingerprint report and trial transcripts available to them in

6

reaching these conclusions. Zacharko cannot make the baseless argument that the prosecutor's comments were not considered.

Accordingly, the Court will adopt the R & R as to the fourth issue.

**V) Prior Bad Acts**

Zacharko argues that the prior bad acts evidence was prejudicial to him, in violation of the due process guarantee's requirement of fundamental fairness. The R & R rejected this argument because it is not consistent with clearly established federal law. As with his earlier objections, Zacharko fails to show otherwise in his objection; instead, he cites broad standards that do not clearly establish the narrow argument he actually makes.

Accordingly, the Court will adopt the R & R as to the fifth issue.

**VI) Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Zacharko has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Zacharko's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not

find that this Court's dismissal of Zacharko's claims was debatable or wrong.  Therefore, the Court will deny Zacharko a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Reprot and Recommendation (ECF No. 10) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 11) are **OVERRULED**.

A separate judgment will issue.


Dated: June 28, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE